**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**GAIL LASARSO,**

    **Plaintiff,**

v.                                                                           Case No.  8:08-cv-1420-T-30TGW

**BEST BUY STORES, L.P. and**
**BBC PROPERTY COMPANY,**

    **Defendants.**
_____/

# ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand (Dkt. 5) and Defendant's Response in opposition to the same (Dkt. 6).  The Court, having reviewed the Motion, Response, and supporting memoranda, and being otherwise fully advised in the premises, determines the Motion should be denied.

Plaintiff originally filed this action in state court on June 2, 2008.  Plaintiff alleges she tripped over a foreign object located on the floor of Defendants' retail store.  In her Complaint, Plaintiff alleged she suffered "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition."  *See* Plaintiff's Complaint at ¶¶ 9, 13, and 17 (Dkt. 2).  She further alleged the losses were continuing or permanent, and that she would continue to suffer the losses in the future.  *Id.*

On July 23, 2008, Defendants removed the action to this Court, claiming this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. In the Notice of Removal, Defendants stated they believed a "fair reading of the Complaint indicates the amount in controversy will exceed the sum of $75,000.00 exclusive of interest and costs." However, "in an abundance of caution," Defendants served initial discovery on Plaintiff seeking information regarding the amount and nature of damages sought. On July 11, 2008, Defendants received a response to a Request for Admissions in which Plaintiff denied that the damages sought would not exceed $75,000.00.

The parties do not dispute that there is complete diversity of citizenship or that the amount in controversy exceeds $75,000.00. Rather, Plaintiff argues in its Motion to Remand that Defendants' removal was untimely pursuant to 28 U.S.C. § 1446 because it was not filed within thirty (30) days of Defendants' receipt of the Complaint. Defendants claim they were not on notice that the amount in controversy exceeded $75,000.00 until receipt of Plaintiff's response to the Request for Admissions.

Pursuant to 28 U.S.C. § 1446(b), an action must be removed within thirty days after the receipt by a defendant of an initial pleading if the case stated in the initial pleading is removable. However, if the case stated in the initial pleading is not removable, a defendant may remove a case within thirty days following receipt of "an amended pleading, motion, order or other paper" rendering the action removable. Id. A removing defendant bears the burden of proving that federal jurisdiction exists. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). Where a plaintiff has not pled a specific amount of damages,

"the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Id. Removal is proper "if it is facially apparent from the complaint that the amount exceeds the jurisdictional requirement." Id.

Plaintiff cites to Lee v. Altamil Corp., 457 F. Supp. 979 (M.D.Fla. 1978), in support of its position. In Lee, a plaintiff alleged serious permanent injury, great pain and suffering, and substantial loss of income resulting from a defective component of a bulk feed tank sold by defendant. Id. at 980. Similar to the instant case, the defendant served a Request for Admissions upon Plaintiff inquiring whether the amount in controversy exceeded the then jurisdictional requirement of $10,000.00. Id. When the Plaintiff did not respond within thirty days, the defendant petitioned for removal. Defendant's petition for removal was not filed within thirty days of the complaint, but was filed within thirty days of the day the plaintiff's answer to the Requests for Admission was deemed denied. The Court held that these allegations were enough to put defendants on notice that the amount in controversy exceeded the jurisdictional requirement. Id. As a result, the court denied the defendant's petition for removal.

The instant case is distinguishable from Lee for several reasons. First, the amount in controversy necessary to establish diversity jurisdiction under 28 U.S.C. § 1332 is now $75,000.00 instead of $10,000.00. In addition, Plaintiff's allegations in the instant Complaint do not appear to be of the same severity as those alleged in Lee. Plaintiff claims only that her injuries exceed the $15,000.00 state jurisdictional requirement. Upon review of Plaintiff's Complaint, the Court concludes it is not facially apparent that Plaintiff's damages

exceed $75,000.00. While Defendants stated their belief that the amount in controversy exceeded the jurisdictional limit based on a fair reading of the Complaint, they appropriately confirmed the same through the Request for Admissions prior to removing the action to this Court. Serving the Request for Admissions was necessary for Defendant's to meet their burden of demonstrating that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Thus, Defendants were not on notice that the amount in controversy exceeded the jurisdictional requirements of 28 U.S.C. § 1332 until they received Plaintiff's response. Accordingly, Defendants' Notice of Removal was timely.

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion to Remand (Dkt. 5) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on August 7, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-1420.mt remand.frm